CHRISTIAN SAUTTER, JR., Respondent, v. JOHN C. FULMER and Others, Appellants. W. STRONG CLOHER and Another, as Executors, etc., of WILLIAM H. CLOHER, Deceased, Respondents, v. JOHN C. FULMER and Others, Appellants. WILLIAM I. TABER, Respondent, v. JOHN C. FULMER and Others, Appellants. T. HARVEY FERRIS, Respondent, v. JOHN C. FULMER and Others, Appellants. GEORGE W. GAMMEL, Respondent, v. JOHN C. FULMER and Others, Appellants. FIRST BANK AND TRUST COMPANY OF UTICA, as Executor, etc., of JOHN H. SIEMERS, Deceased, Respondent, v. JOHN C. FULMER and Others, Appellants. CARRIE B. SHERMAN, Respondent, v. JOHN C. FULMER, Individually and as Trustee for HATTIE C. FULMER and Others, and as Trustee for the Estate of JACOB AGNE, Deceased, Appellant.

In each case: Order modified so as to provide that it is without prejudice to a motion to impose the allowances upon the plaintiff, with resulting reimbursement of the defendants, in case the complaint should ultimately be dismissed, and as so modified affirmed, without costs of this appeal to either party. All concur, except Crouch and Taylor, JJ., who dissent and vote for a modification of the

order in accordance with a dissenting memorandum and for affirmance as so modified. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

CROUCH and TAYLOR, JJ. (dissenting). We think the part of the order appealed from in each action should be modified by requiring the plaintiff instead of the defendants to pay the specified amounts to the receiver and to his attorney; such modification and the payment made pursuant thereto to be upon the express condition, however, that in the event of final judgment in the action being rendered in favor of plaintiff, plaintiff shall recover from the defendants the amount so paid with interest from the date of payment and may include said amount in the final judgment and have execution therefor. There seems to be no good reason why the receiver and his attorney should not be paid now. In the absence of a fund which might be charged with such payment, the party against whom the final judgment goes is ordinarily required to pay. Pending finality, the court may make such temporary disposition of the matter as is just and fair in the particular case. The collection of final judgments in favor of plaintiffs here is assured by the deposit of a large sum in securities owned by defendants. In the event of final success they are sure of reimbursement. If, however, final judgment should go the other way, defendants are not thus protected. Under such circumstances plaintiffs may fairly be called upon to make the advance.